UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
LIANA HERCULES FERNANDEZ
*On behalf of herself and
others similarly situated*

                    Plaintiff,

   -against-

KARNAFULLLY DISTRIBUTION INC.,
MOHAMMED AKBAR
in his individual capacity

                 Defendants.
- - - - - - - - - - - - - - - - - -X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 28 2016   ★

INDEX NO:
LONG ISLAND OFFICE

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

CV-16 4180

WEXLER, J.

LINDSAY, M.J.

    Plaintiffs, LIANA HERCULES FERNANDEZ, by and through her attorney, DELVIS MELÉNDEZ, complaining of the Defendants KARNAFULLY DISTRIBUTION INC., AND MOHAMMED AKBAR sued herein individually and collectively, respectfully alleges as follows:

### NATURE OF THE CLAIM

    1. This action is brought to recover from the Defendants unpaid overtime compensation, as well as an additional equal amount in liquidated damages, costs and reasonable counsel fees under the provisions of Title 29 U.S.C.A. 201 et seq., and specifically under the provisions of Title 29 U.S.C.A. 216(b).

### JURISDICTION

    2. This Court has jurisdiction over the claims presented

on the First Claim for Relief herein pursuant to the Act of June 25, 1938, ch 676, 52 Stat 1069, 29 U.S.C. Sections 201-219, known as the Fair Labor Standards Act ("the FLSA" or "the Act"), a law of the United States regulating interstate commerce, and specifically under the provisions of Section 16 of said Act, as amended (29 U.S.C. § 216(b)).

3. Jurisdiction is conferred on this Court by Title 28 U.S.C.A. 1337 and by Title 29 U.S.C.A. 16(b). Defendant employer is a corporation organized and existing under the laws of the State of New York, having its principal place of business 671 Route 109 West Babylon New York 11704 within the jurisdiction of the court. At the times mentioned herein the defendants employed the Plaintiff and others similarly situated.

4. This Court has jurisdiction over the New York State Law claims presented in the Second Claim for Relief pursuant to 28 U.S.C. § 1367(a).

5. The Plaintiff is a resident of the County of Suffolk within the jurisdiction of this honorable court.

**PARTIES**

6. On information and belief, the defendant, Mohammed Akbar, is the Chief Executive Officer and/or owner or sole or partial shareholder or agent of the corporate defendant.

7. On information and belief, the defendant, Mohammed Akbar, by virtue of his status as an owner, shareholder, director, and

officer of the corporate defendant exercises complete control over the corporate defendants.

8. On information and belief, the Karnafully Distribution Inc., is engaged in a for profit business which has gross revenue in excess of $500,000 per annum, and is an enterprise engaged in interstate commerce.

9. The individual defendant, in conjunction with and through the corporate defendant, controls, manages, own and operates a Subway's sandwich shop in New York State.

10. Defendant is an "employer" subject to the jurisdiction of the FLSA.

11. Plaintiff, Liana Hercules Fernandez, began her employment with the defendant corporation on or about June 2012. She worked as a full time non exempt counter person, up until July 15, 2016.

12. Plaintiffs worked scheduled varied throughout the years. However, the Defendants routinely required Plaintiff to work at a minimum Monday through Saturday from 6:30a.m. to 5:00 p.m., Monday through Friday. On Sunday's she worked from 8:30 a.m. to 3:00 p.m. At times, she was required to work more hours.

13. Liana Hercules Fernandez at the time of her termination was paid $9.75 per hour.

14. Defendants failed to pay the Plaintiff and other similarly situated employees overtime compensation as required by state and federal law.

15. The various actions taken by the defendants to

effectuate their overtime wage, payment evasion scheme include the following:

a) Intentionally failing to pay workers, such as the plaintiff, overtime wages for work in excess of 40 hours per week;

b) Intentionally failing to maintain accurate records of hours worked and wage payments made to workers;

c) manipulating payroll records by paying employees partially in cash not recording the actual number of hours worked.

16. The defendant(s) undertook to deny the plaintiffs, and other similarly situated employees, the payment of their full, legal and proper wages such actions being undertaken by the individual defendant(s) intentionally, with full knowledge of their illegality, and for the specific purpose of personally enriching the individual defendant(s) at the expense of the plaintiff.

17. The defendant(s), have managed, operated, maintained and utilized the aforesaid corporate defendants in a conscious scheme to deprive the plaintiffs and other workers of overtime wages due under New York State and/or Federal Law and have profited by such scheme.

18. That the violations of State and Federal law that are alleged herein by the defendants were willful.

**AS AND FOR A FIRST CLAIM FOR RELIEF PURSUANT TO THE FEDERAL FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS AND SUCH OTHER PERSONS WHO CONSENT IN WRITING TO JOIN THIS ACTION PURSUANT TO 29 U.S.C. § 216(B)**

19. Plaintiff brings this First Claim for Relief pursuant to

29 U.S.C. § 216(b) on behalf of herself and all other similarly situated persons who consent in writing to join this action pursuant to 29 U.S.C. § 216(b), and upon information and belief there are numerous such similarly situated persons.

20. Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, the plaintiff was entitled to overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week, plaintiff worked more than 40 hours per week for the defendants, and defendants willfully failed to make said overtime wage payments.

21. The plaintiff on behalf of herself and all other similarly situated persons who consent in writing to join this action, seeks, on this First Claim for Relief, a judgment for unpaid overtime wages such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, the plaintiff and such other similarly situated persons who consent in writing to join this action, and the plaintiffs also seek an award of liquidated damages equal to 100% of such amount, attorney's fees, interest and costs as provided for by the FLSA.

**AS AND FOR A SECOND CLAIM FOR RELIEF
ON BEHALF OF PLAINTIFF AS WORKERS
ENTITLED TO THE FULL PAYMENT OF THEIR
WAGES AND PAYMENT OF OVERTIME WAGES AS PER THE
NEW YORK STATE LABOR LAW**

22. Plaintiff repeats and realleges each and every allegation previously set forth herein.

23. Pursuant to the applicable provisions of New York State

Law, plaintiff was entitled to an overtime hourly wage of time and one-half for all hours worked in excess of forty hours per week, plaintiffs worked more than 40 hours per week for the defendants, and defendants failed to make said overtime payments.

24. At the times pertinent to this complaint, defendants failed to comply with New York State Law, including the protections set forth in Articles 6 and 19 of the Labor Law of the State of New York and the wage orders contained at 12 NYCRR 137 to 142 and Section 198 of said law, in that plaintiff worked for defendants in excess of the number of hours for which plaintiffs should receive their regular hourly wages under New York State Law and defendants failed to pay plaintiffs at the rate of time and one-half for the hours worked in excess of said number of hours set forth in New York State Law and/or defendants failed to pay the plaintiffs the wage provided for under said law such wages including the provisions under the aforesaid regulations which require payment of an additional one hour's pay for each day worked where the shift of hours is in excess of ten hours per day.

25. As a result of the foregoing, the plaintiff seeks, from the defendants various sums of money in overtime wages and/or other wages that defendants failed to pay plaintiff in violation of the Labor Law of the State of New York and the Wage Orders issued thereunder, together with an award of costs, reasonable attorney's fees from the defendants, interest, and liquidated damages equal to 100% of the amount of such unpaid wages.

**WHEREFORE**, the Plaintiff demands judgment against the defendants on each cause of action as specified aforesaid, together with such other further and different relief that the Court deems just.

Plaintiffs demand a trial by jury on all issues so triable.

Dated: Brentwood, New York
       July 26, 2016

                                  Yours, Etc.,

                                  Delvis Melendez, Esq.
                                  Attorney for Plaintiffs
                                  90 Bradley Street
                                  Brentwood, NY 11717
                                  (631) 434-1443

By: _____
       Delvis Melendez, Esq.

LAW OFFICE OF DELVIS MELÉNDEZ.
Attorney for Plaintiff
90 BRADLEY STREET
BRENTWOOD, NEW YORK 11717
631-434-1443
631-434-1443 FAX
DELVIS MELENDEZ, ESQ. (DM-7975)

DISTRICT COURT OF THE STATE OF NEW YORK
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
LIANA HERCULES FERNANDEZ
*On behalf of herself and
others similarly situated*                          INDEX NO:

                    Plaintiffs,

           -against-                                 **CONSENT TO JOINDER**

KARNAFULLY DISTRIBUTION INC.,
MOHAMMED AKBAR
*in his individual capacity*

                    Defendants.
----------------------------------------X

   By signing below I, Liana Hercules Fernandez, consent to become a party plaintiff in this lawsuit and be bound by any decision herein.

Dated: July 25, 2016

                                        _____
                                        Liana Hercules Fernandez
                                        C/O Delvis Melendez, Esq.
                                        90 Bradley Street
                                        Brentwood, New York, 11717